Eastern District of Kentucky
**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

AUG 24 2001

01-339

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | COMPLAINT |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Wal-Mart Stores, Inc. ("Wal-Mart") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in order to correct Wal-Mart's unlawful employment practices on the basis of gender and to provide appropriate relief to Janice Smith ("Smith") and a class of similarly situated female applicants (the "Class"), all of whom were adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that Wal-Mart subjected Smith and the Class to disparate treatment based on gender.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky, London Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, Wal-Mart, is a corporation and at all relevant times has continuously been a corporation doing business in the Commonwealth of Kentucky and the City of London, and has continuously had at least 15 employees.

5. At all relevant times, Wal-Mart has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Smith filed a charge with the Commission alleging violations of Title VII by Wal-Mart. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 1998, Wal-Mart engaged in unlawful employment practices within Wal-Mart Distribution Center No. 6097, in London, Kentucky, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Smith and the Class were

subjected to disparate treatment based on gender when Wal-Mart failed to hire Smith and the Class into vacant positions within its London, Kentucky, facility.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Smith and the Class of equal employment opportunities because of their gender.

9. The unlawful employment practices complained of in paragraph 7 above were intentional and done with malice or reckless indifference to Smith and the Class's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Wal-Mart, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on gender.

B. Order Wal-Mart to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices based on gender.

C. Order Wal-Mart to make Smith and the Class whole by providing appropriate back-pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Wal-Mart to make Smith and the Class whole by providing each of them compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E.  Order Wal-Mart to make Smith and the Class whole by providing each of them compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

F.  Order Wal-Mart to pay Smith and the Class punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
LAURIE A. YOUNG, #11480-49
Regional Attorney

_____
MICHELLE EISELE, #10780-49
Supervisory Trial Attorney

_____
BOBBY C. SIMPSON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Louisville Area Office
600 Martin Luther King, Jr. Place
Suite 268
Louisville, Kentucky 40202-2285
(502) 582.6308 (Direct Dial)
(502) 582.5437 (Facsimile)
Email: bobby.simpson@eeoc.gov

5