UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:01-CV-339-KKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,                             PLAINTIFF

v.                                **OPINION AND ORDER**

WAL-MART STORES, INC.,                                                                          DEFENDANT

\*\*\*\*\*\*\*\*\*\*

The Equal Employment Opportunity Commission (the "EEOC") filed this action in August 2001 asserting that, since at least January 1, 1998, the Defendant Wal-Mart has engaged in hiring discrimination based on gender against a class of females at its Wal-Mart Distribution Center No. 6097 in London, Kentucky in violation of 42 U.S.C. § 2000e-2(a)(1).

The parties have identified eight expert witnesses in this action and have now filed motions to exclude all eight from testifying on the basis that each of them is unqualified and/or their reports are unreliable. The Court has set each of these motions to exclude for four days of hearing beginning January 12, 2010.

The parties have filed eight motions related to just one of these experts alone, Burt S. Barnow, who is the EEOC's statistical expert. Barnow concludes that there was a statistically significant disparity in hiring by sex at DC 6097 during the relevant time period.

In addition to the motion to exclude Barnow, which is already set for a hearing, Wal-Mart has also filed a motion to strike portions of Barnow's rebuttal report (DE 372) and a related motion to depose 25 class members (DE 356) if the motion to strike the rebuttal is not granted. The Court will hear each of these motions in conjunction with the motion to exclude Barnow during the four

dates set aside for *Daubert* hearings.

Certain other motions relating to Barnow can be dispensed with prior to the January 12th hearings and the Court addresses each of these below.

> **I.  Wal-Mart's Motion to Extend Date to File Daubert Motions to Exclude Barnow (DE 358).**

This motion will be DENIED. Wal-Mart argues that if the rebuttal report is not stricken, it will need additional time for expert discovery on the rebuttal report and for its expert to assess it so that it may file an additional *Daubert* motion directed solely at the rebuttal. However, Wal-Mart has already deposed Barnow and has extensively briefed Barnow's methodology. The Court sees no reason that the rebuttal should require any discovery beyond what was done for the initial report.

Further, to the extent that the rebuttal alone has prompted additional questions for or arguments relating to Barnow, Wal-Mart may present any legitimate questions of Barnow and arguments at the hearings set to begin January 12th. As to Wal-Mart's need for additional time for its expert to assess the rebuttal report, it has had months to conduct such an assessment.

Further, there is no need for an additional *Daubert* motion aimed solely at Barnow's rebuttal. Wal-Mart has already filed a 38-page *Daubert* Motion to Exclude Barnow's testimony. The EEOC has filed a 32-page Response and Wal-Mart has tendered a 22-page Reply. Wal-Mart has filed a 20-page motion to strike aimed solely at Barnow's rebuttal report. The EEOC responded with its own 22-page brief and Wal-Mart filed 15 pages in reply. Thus, Wal-Mart has had ample opportunity to challenge Barnow's qualifications and his methodology and his rebuttal and all of these issue have now been sufficiently briefed.

> II.   **Wal-Mart's Motion for Leave to File Memorandum in Excess of 15 Pages (DE 405).**

This motion will be GRANTED. Wal-Mart seeks leave of Court to file an oversized Reply on its Motion to Exclude Barnow's testimony, a portion of which specifically addresses Barnow's rebuttal report. Because the EEOC cited the rebuttal report throughout its response, the Court will grant Wal-Mart leave to file the additional pages addressing the rebuttal.

> III.   **Wal-Mart's Motion for Leave to Supplement Motion to Exclude Barnow (DE 429) and the EEOC's Motion for Leave to File Surreply on Motion to Strike Rebuttal (DE 406).**

These motions will be DENIED. As explained above, the motions to exclude Barnow and to strike his rebuttal have been sufficiently briefed.

> IV.   **The EEOC's Motion for Sanctions (DE 421).**

This motion will be DENIED. The EEOC moves the Court to impose sanctions against Wal-Mart for discovery violations. In its motion, the EEOC recounts the history of discovery in this action and complains of Wal-Mart's conduct throughout this nearly nine-year old case. For instance, it complains that Wal-Mart produced "poor quality" and incomplete or ambiguous documents in 2002.

To the extent that the EEOC now argues for sanctions against Wal-Mart for allegedly deficient discovery responses known to the EEOC prior to Barnow's initial report, the motion will be denied as untimely or unwarranted. As late as April 2006, the parties agreed that Wal-Mart was "still in the process of producing documents needed by Plaintiff's expert in order to complete the Expert Report" and understood that Wal-Mart "has had difficulty in locating personnel documents. . . ." DE 83. In October 2006, the EEOC explained to the Court that Wal-Mart had recently

produced certain "summary information" regarding Wal-Mart applicants. DE 109. The EEOC did not complain at that time that Wal-Mart's production was sanctionable. Instead, it simply asked the Court to permit it to file its expert report on March 1, 2007, which the Court granted. DE 105. Accordingly, the EEOC has set forth no basis at all for the Court to impose sanctions for Wal-Mart's conduct known to the EEOC prior to Barnow's initial report in March 2007.

As to any allegedly wrongful conduct by Wal-Mart known to the EEOC in 2008, the EEOC provides no explanation as to why it failed to move for sanctions at or near the time the allegedly wrongful conduct occurred. Accordingly, to the extent that the EEOC asks the Court to sanction Wal-Mart now for any conduct known to the EEOC in 2008, the motion is denied.

In its Reply brief, the EEOC seems to state through various footnotes that its real complaint is with Wal-Mart's most recent production of documents which occurred in February and March 2009. See DE 431 Reply at 2, 6 & nn.5 & 15 (complaining of documents produced "weeks before the due date for Dr. Barnow's March 2009 Rebuttal" and of documents produced in December 2008, February 2009, and March 2009).

According to the EEOC, these documents consist of: over 300 applications produced by Wal-Mart in addition to the approximately 25,000 already produced in this case; new hire logs and interview schedules; termination listing reports; and unspecified additional documents.

There has been no showing of any bad faith on the part of Wal-Mart. It asserts that it exercised due diligence in discovery and produced these documents shortly after discovering them. The EEOC has not set forth any information that would refute that.

Further, the EEOC does not explain how it was prejudiced by the late production of these specific documents. It is true that, in April 2009, Barnow produced a one paragraph supplement to

4

his March 20, 2009 Rebuttal Report which he states was produced in order to include an additional 334 applications recently produced by Wal-Mart.

However, Barnow also states that some of the applications were duplicates of applications that already existed in his database.  Further, Barnow confirms in his supplement the insignificance of the production of 300-plus applications in a case where more than 25,000 have already been produced.  Moreover, these applications were produced by Wal-Mart in mid-February 2009. The EEOC does not explain why they were not analyzed in Barnow's March 20, 2009 rebuttal. If the February 2009 production was so egregious and prejudicial as to warrant sanctions, it is unclear why the EEOC waited until mid-August 2009 to file a Motion for Sanctions. The motion will be denied.

### V.   Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) Wal-Mart's Motion to Extend Due Date to File Daubert Motion Directed to EEOC Expert Burt S. Barnow (DE 358) is DENIED;

2) Wal-Mart's Motion to Strike Portions of Barnow's Rebuttal Report (DE 372) and Motion for 25 Class Member Depositions (DE 356) SHALL BE HEARD during the four days of Daubert hearings set to begin January 12, 2010 at 9:00 a.m.;

3) Wal-Mart's Motion for Leave to File Memorandum in Excess of 15 Pages (DE 405) is GRANTED and the Clerk of the Court is DIRECTED to file the tendered reply memorandum into the record;

4) Wal-Mart's Motion for Leave to Supplement Motion to Exclude Barnow (DE 429) and the EEOC's Motion for Leave to File Surreply to Defendant's Reply in Support of Motion to Strike Barnow's Rebuttal (DE 406) are DENIED; and

5)      the EEOC's Motion for Sanctions (DE 421) is DENIED.

Dated this 8th day of January, 2010.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge