IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

Eastern District of Kentucky
**F I L E D**

**JAN 1 9 2010**

AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION )
)
)
        Plaintiff )
)
v. )  Civil Action No. 6:01-CV-339-KKC
)
WAL-MART STORES, INC. )
)
)
        Defendant )
)

## DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to the Court's December 5, 2008 Order, Defendant Wal-Mart Stores, Inc., by counsel, hereby submits the following pretrial memorandum.

1.      **Proposed Agreed Jury Instructions**:  In accordance with the Court's Order, the parties exchanged draft Instructions in an effort to reach agreement.  The Equal Employment Opportunity Commission ("EEOC") provided no comments on or response to Wal-Mart's draft Instructions.  Wal-Mart's Proposed Jury Instructions have been filed with the Court.

2.      **Transcript of Evidentiary Depositions to be Used at Trial**:  Wal-Mart does not intend to offer evidentiary depositions at trial in its case-in-chief.  Wal-Mart made cross-designations on November 16, 2009 to the evidentiary depositions the EEOC intends to offer.  On December 8, 2009, Wal-Mart submitted its objections to the EEOC's designated deposition testimony, along with pertinent deposition pages.

3.   **Proposed Voir Dire Questions**:   Wal-Mart's Proposed Voir Dire Questions have been filed with the Court.  Wal-Mart will submit proposed questions for the jury questionnaire, to be served before trial, on or before January 22, 2010.

4.   **Statement of the Facts of the Case**:   The EEOC filed this suit in August 2001, alleging that Wal-Mart engaged in a pattern or practice of intentional sex discrimination in hiring at its Distribution Center No. 6097 (DC 6097) in London, Kentucky.  The EEOC's investigation of DC 6097 began with an administrative charge of discrimination filed by Janice Hagans Smith, a Wal-Mart employee at the London retail store, who in October 1998, applied for and was denied a transfer to DC 6097 as a freezer compartment orderfiller.  Smith filed an EEOC charge alleging that she had been discriminated against because of her sex when her transfer application was denied.

DC 6097 receives, bundles, and ships to Wal-Mart retail stores bulk perishable and non-perishable food items, such as cereal, bottled juices and water, canned goods, produce, dairy and deli items, frozen meats, and ice cream.  DC 6097 stocks the inventory of Wal-Mart grocery stores in parts of Kentucky, Tennessee and Ohio. Housed in an 864,000 square foot warehouse, DC 6097 comprises various departments identified by location and climate-control:  non-perishable foods, meat and produce, dairy/deli food, and shipping and receiving, as well as personnel, quality assurance, maintenance, data processing, asset protection and transportation.

The vast majority of hiring at DC 6097 is for an entry-level job known as "orderfiller."  An orderfiller works 10-11 hour shifts in various food departments, loading crates, bags and boxes of bulk food items from the warehouse floor onto pallets,

2

which rest on motorized pallet jacks. An orderfiller must be physically capable of standing, walking, stooping, bending, and routinely lifting over 50 pounds, up to a maximum of 100 pounds. Orderfillers must be accurate, fast, and efficient. They work in extreme environmental conditions, including areas with no climate control and the frozen food area, where the temperature can be as low as -22° F.

DC 6097 receives a large number of job applications for a relatively small number of jobs. According to the EEOC's statistical expert, DC 6097 received 24,949 job applications during the pertinent time period, only 1,512 of which resulted in job offers. Ninety-four percent of all applications, from males and females, were rejected for employment. The EEOC claims that Wal-Mart systematically and intentionally engaged in a routine pattern or practice of sex discrimination in hiring for the entry-level job of orderfiller at DC 6097 from April 18, 1998 to February 15, 2005. Wal-Mart denies this allegation and asserts that its hiring decisions were based on legitimate, non-discriminatory reasons.

5. **Pending Dispositive Motion**: Wal-Mart has filed a Motion for Summary Judgment, along with its Memorandum and Reply in support, based on the following arguments:

a. The EEOC's claim impermissibly exceeds the scope of its investigation, depriving the Court of subject matter jurisdiction. As a result, the individuals to whom relief may be awarded is limited to female employees who sought to transfer to the orderfiller position, during the temporal scope defined by the Court, April 18, 1998 to February 15, 2005.

b.     The EEOC has no proof of sex discrimination for the vast majority of class members because it has no evidence, disputed or otherwise, that Wal-Mart knew the sex of 71-82% of the female class members when it rejected their applications during the prescreening stage. The lack of proof of knowledge of sex for as much as 82% of the class members precludes an inference of a pattern of discrimination as to the entire class. At a minimum, Wal-Mart is entitled to summary judgment as to the EEOC's claims on behalf of class members who were rejected at the prescreening stage.

c.     The EEOC cannot prove that Wal-Mart had an intent to discriminate against women on a pervasive, systematic, and standardized basis. First, subjective and "inconsistent" selection processes cannot establish a pattern or practice of intentional discrimination as a matter of law. Second, the EEOC offers no proof that Wal-Mart adopted its employment policies and practices with the intent to discriminate against female applicants, an absence of proof that is fatal to the EEOC's case.

d.     The EEOC's statistical evidence is not sufficiently accurate, reliable and/or relevant to establish its *prima facie* case. Moreover, the EEOC's statistical evidence does not show a significant statistical disparity between treatment of otherwise similarly situated male applicants and female applicants. In addition, the EEOC's statistical proof does not eliminate non-discriminatory explanations for the disparity, particularly sheer randomness, according to its expert.

e.     The EEOC's anecdotal evidence is insufficient to meet its burden of establishing its *prima facie* case of intentional sex discrimination. First, it relies on "evidence" that is hearsay, speculative, or otherwise inadmissible. Second, excluding

4

such inadmissible evidence, the EEOC is left evidence of alleged sex discrimination of only 12 class members, which is far from sufficient to establish a routine pattern or practice of intentional discrimination.

6.   **Issues of Fact:**

a.      Whether Janice Smith and the class members applied and were qualified for the position of orderfiller during the temporal scope of this action?

b.      Whether Janice Smith and the class members demonstrated that they were not selected for the position of orderfiller during the temporal scope of this action?

c.      Whether the EEOC has demonstrated that DC 6097 had an intentional, systematic practice or standard operating procedure of not hiring women for the position of orderfiller during the temporal scope of this action?

d.      Whether sex was a substantial motivating factor in Wal-Mart's hiring decisions, that is, but for their sex, the class members would have been offered positions as orderfillers at DC 6097 during the temporal scope of this action?

e.      Whether   Wal-Mart   produced   evidence   of   legitimate, nondiscriminatory reasons for its hiring decisions?

f.      Whether the EEOC has demonstrated that Wal-Mart's legitimate, nondiscriminatory reasons were not the true reasons for its hiring decisions, and that sex was the substantial motivating factor?

7.   **Issue of Law:**  Whether the EEOC has proven, by a preponderance of the evidence, that Wal-Mart intentionally engaged in a pattern or practice of discrimination

based on sex in hiring persons to fill the position of orderfiller at DC 6097 during the period of April 18, 1998 to February 15, 2005?

Respectfully submitted,

DINSMORE & SHOHL LLP

Sadhna G. True
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1000

Kathryn A. Quesenberry
2500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Phone: (502) 581-8000

*Counsel for Defendant Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served, via the method indicated below, to the following on the 19th day of January, 2010:

Nancy Dean Edmonds                    *Service via Fax & First Class Mail*
Equal Employment Opportunity Commission
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana  46204

Aimee L. McFerren                     *Service via Fax*
Equal Employment Opportunity Commission
600 Dr. Martin Luther King, Jr. Place, Suite 268
Louisville, Kentucky  40202

Counsel for Defendant

105274_2

7