UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:01-CV-339-KKC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  PLAINTIFF,

v.    **OPINION AND ORDER**

WAL-MART STORES, INC.,  DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the EEOC's Motion to Exclude the Testimony of Wal-Mart Expert George Barrett (DE 341).

**I.    BACKGROUND.**

In its Complaint, the United States Equal Employment Opportunity Commission (the "EEOC") asserts that, since at least January 1, 1998, Wal-Mart engaged in unlawful employment practices within Wal-Mart Distribution Center No. 6097 ("DC 6097) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1).  (DE 1, Complaint, ¶ 7).

That statute prohibits an employer from failing or refusing to hire a woman or from otherwise discriminating against her because of her gender.

The EEOC brings this claim pursuant to Section 707 of Title VII, 42 U.S.C. § 2000e-6, which allows the federal government, through the EEOC, to bring a civil action directly against an employer charging systematic discrimination against a protected group.

In these cases, the government has to demonstrate that there exists "a pattern or practice of resistance to the full enjoyment of any of the rights secured by [Title VII]...." 42 U.S.C. § 2000e-6(a).

To do so, the EEOC must prove more than the "mere occurrence of isolated, 'accidental' or sporadic discriminatory acts." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324,

336 (1977). Rather, the EEOC must show that discrimination was the employer's "standard operating procedure" and "the regular rather than the unusual practice." *Teamsters*, 431 U.S. 324, 336 (1977). *See also Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874-76(1984). Such an action focuses on whether there exists a "pattern of discriminatory decisionmaking." *Cooper*, 467 U.S. at 876.

The plaintiffs may establish a prima facie case of pattern or practice disparate treatment by the use of statistics which show a gross disparity in the treatment of workers based on a protected characteristic. *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1285 (5th Cir.1994). The plaintiffs may bolster their case by introducing historical, individual, or circumstantial evidence. *Id*. The employer may then rebut the plaintiffs' prima facie case by showing that the plaintiffs' statistics are inaccurate or insignificant, or by providing a nondiscriminatory explanation for the apparent discrimination. *Id*.

If the employer fails to rebut the government's prima facie case, the resulting finding of a discriminatory pattern or practice gives rise to an inference that all employees subject to the policy were its victims and are entitled to appropriate remedies. *See Teamsters*, 431 U.S. at 362..

The EEOC proffered Dr. Burt S. Barnow as its statistical expert. Specifically, Dr. Barnow was hired to analyze data on hiring by Wal-Mart from January 1, 1998 to present to determine if there is a statistically significant disparity in hiring by sex at DC 6097 after controlling for relevant factors. The data included 25,000 applicant files and hundreds of thousands of pages.

In his report, Dr. Barnow states that the statistical approach he used "to control for factors that might affect hiring decisions is logit analysis, sometimes referred to as logistic regression analysis." (DE 359 at 13). Dr. Barnow concludes that:

> After controlling for relevant variables available in the application, I conclude that the probability a woman will receive a job offer is less than the probability an identically qualified man will receive an offer in [the 1998-2001 and 2002-04 time periods]; the

2

estimated disparities are highly statistically significan[t], substantially exceeding the standards required for evidence in cases of this nature and are thus very unlikely to have arisen by chance alone.

By prior order, this Court determined that Dr. Barnow was qualified, that his testimony was sufficiently reliable to present to a jury, and that his testimony was relevant to this action.

Wal-Mart proffers Barrett as an expert. Barrett is a Certified Rehabilitation Counselor and Certified Vocational Evaluation Specialist. Wal-Mart retained Barrett to conduct a job analysis of the order filler position at the distribution center. The EEOC moves to exclude Barrett's testimony. The Court conducted a hearing on the motion at which Barrett testified and counsel presented arguments.

**II.  ANALYSIS.**

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Court clarified that expert testimony is admissible only if it is both relevant and reliable. *Daubert*, 526 U.S. at 589; *Kumho Tire*, 526 U.S. at 147.

As to reliability, a witness must first establish that he is qualified on the basis of "knowledge, skill, experience, training, or education." *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000)(citing Fed. R. Evid. 702). The Court then must "determine whether the principles and methodology underlying the testimony itself are valid." *Id*. The Court is not to "second guess the validity of conclusions generated by otherwise valid methods, principles, and reasoning." *Id*.

As to relevancy, "[t]his requirement has been interpreted to mean that scientific testimony must 'fit' the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify." *Id*. at. 578.

As to Barrett's job analysis, his testimony is unnecessary because lay witnesses can better describe the order filler job. In its response, Wal-Mart explains that "Mr. Barrett was retained to offer expert testimony regarding the characteristics of the orderfiller job to aid the jury in understanding 'what this job entails.'" Barrett discusses the education, training and experience that are prerequisites for the order filler job. Barrett describes the job, explaining, for example, that the position includes standing, walking, operating equipment, and lifting up to 100 pounds.

Such evidence can be best presented through the testimony of managers who hire for the position and employees who have performed the job over an extensive period of time. Barrett performed the job for only 35 minutes, filling two orders. There is simply no need for expert testimony regarding the nature of the order filler job.

Barrett opines that the order filler job qualifies as "very heavy work" under standards established by the U.S. Department of Labor and opines that, according to the U.S. Census Bureau, employment statistics for such kinds of work are often skewed towards males. He presents 32 occupations that he opines would be classified as "very heavy work" and presents the percentage of males and females employed in each. Barrett states, "[t]hese data indicate that occupations with very heavy physical demand levels are commonly staffed disproportionately by male employees."

The Court finds this testimony irrelevant and potentially confusing. First, the employment statistics provided by Barrett regarding the number of males and females in each of the 32 occupations are nationwide statistics. The relevant labor market in this case is that for the order filler position at the London distribution center. Second, there is no indication of the number of male and female applicants

4

in each of the occupations provided. Thus, it is not clear if the number of female applicants for those occupations is similar to that for the order filler position. Further, there is evidence in this case of the number of females who applied for the order filler position during the relevant time period. Third, most of the 32 occupations listed by Barrett do not appear to be similar to that of order filler. The list includes fire fighters, police officers, lifeguards, fishing and hunting workers, riggers, and logging workers.

Accordingly, the Court finds this portion of Barrett's testimony is irrelevant and presents an unnecessary risk of confusing the jury.

For all these reasons, the Court hereby ORDERS as follows:

1) the EEOC's Motion to Exclude the Testimony of Wal-Mart Expert George Barrett (DE 341) is GRANTED; and

2) Because the EEOC retained Kenneth R. Troske to respond to Barrett, Troske's testimony is now unnecessary. Accordingly, Wal-Mart's Motion to Exclude Troske's testimony (DE 346) is DENIED as moot.

Dated this 16th day of February, 2010.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**